UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNIE TAYLOR,

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, and MICHIGAN FIRST CREDIT UNION,

        Defendants.

CASE NO. 20-CV-10462
HON. GEORGE CARAM STEEH

_____/

ORDER GRANTING DEFENDANT MICHIGAN FIRST
CREDIT UNION'S MOTION TO DISMISS (ECF No.5)

Plaintiff Courtnie Taylor brought this lawsuit pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.,* against Defendant Michigan First Credit Union for allegedly reporting inaccurate information on its Tradeline to Equifax Information Services, LLC.[1] Plaintiff has brought two counts against Defendant. The first count claims that Defendant negligently violated the FCRA by failing to perform a proper investigation, failing to review information available to it, and failing to review information from Equifax Information Services, LLC ("Equifax"), after

---

[1] Equifax, formerly named as a Defendant, has been voluntarily dismissed by Plaintiff. (ECF No. 9).

receiving notice of her dispute from Equifax. The second count alleges the violation was willful. For both counts, Plaintiff alleges Defendant violated 15 U.S.C. § 1692s-2(b). In particular, Plaintiff alleges Defendant inaccurately reported a scheduled monthly payment of $72.00, when in fact, the debt had been repaid. Now before the court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because the Tradeline was not inaccurate or misleading, Defendant's motion to dismiss shall be granted.

## I. Standard of Law

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

## II. Analysis

Defendant argues, among other things, that it cannot be liable for any inaccuracy because the monthly payment reported was historically accurate.  Indeed, the Sixth Circuit has held that in order to prove a violation of § 1692s-2(b), as a threshold matter, the plaintiff must show that the tradeline is inaccurate, *Pittman v. Experian Info. Sols., Inc,* 901 F.3d 619, 629 (6th Cir. 2018).  To do so, "a plaintiff can show that the information provided is false or that it contains a material omission or creates a materially misleading impression." *Id.* at 630.

Numerous courts have found no inaccuracy, and thus, no violation of the FCRA, where although the credit report or tradelines noted the historical monthly payment owing, the tradelines or credit report made clear

that the debt had been fully paid. *See, e.g., Cowley v. Equifax Info. Servs., LLC*, No. 2:18-CV-02846-TLP-cgc, 2019 WL 4936036, at *3 (W.D. Tenn. Aug. 12, 2019), *reconsideration denied,* No. 2:18-CV-02846-TLP-cgc, 2019 WL 5310205, at *5 (W.D. Tenn. Oct. 21, 2019); *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-03666-TWT, 2019 WL 1856411, at *5 (N.D. Ga. Mar. 4, 2019), *report and recommendation adopted,* No. 1:18-CV-3666-TWT, 2019 WL 1856412 (N.D. Ga. Apr. 23, 2019); *Gibson v. Equifax Info. Servs., LLC,* No. 5:18-CV-00465-TES, 2019 WL 4731957, at *4 (M.D. Ga. July 2, 2019).

Per the court's show cause order, Defendant filed a supplemental brief attaching the Tradeline as reflected in the credit reports upon which Plaintiff relies and produced during discovery. (ECF No. 13). The credit report reflects a $72.00 monthly payment, but also states that the account is "Paid and Closed" and reflects a balance of "$0." *Id.* at PageID.240. Just as numerous other courts, as cited above, have held that reporting a historical monthly payment, while also clearly showing that the account is closed and the balance is $0 is not misleading or inaccurate, the court reaches the same conclusion here. Having failed to show any inaccuracy or incompleteness, Plaintiff's claims pursuant to § 1692s-2(b) must be

dismissed.  Furthermore, Plaintiff's claim that Defendant failed to conduct a reasonable investigation is inadequately pled under *Iqbal, supra.*

### III. Conclusion

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 5) is GRANTED.

**IT IS SO ORDERED**.

Dated:  June 16, 2020

>     s/George Caram Steeh
>     GEORGE CARAM STEEH
>     UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 16, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk